WILLIAM B. SCHEIDT AND WANDA C. SCHEIDT, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Scheidt v. Commissioner
Docket No. 22537-82.
United States Tax Court
T.C. Memo 1985-235; 1985 Tax Ct. Memo LEXIS 398; 49 T.C.M. (CCH) 1501; T.C.M. (RIA) 85235; May 15, 1985. Michael W. Thom, for the petitioners. Juandell D. Glass, for the respondent. CLAPP
MEMORANDUM FINDINGS OF FACT AND OPINION CLAPP, Judge: This case is before the Court on petitioners' Motion to Dismiss for Lack of Jurisdiction and Motion for Summary Judgment. Petitioners argue that the notice of deficiency for 1978 is invalid on two grounds: (1) the deficiency notice was not sent to petitioners' *399 last known address within the meaning of section 6212(b)(1) and (2) the deficiency notice was "remailed" by respondent after the expiration of the period of assessment as defined by section 6501, or if not "remailed" by respondent, it was not received in "due course." FINDINGS OF FACT Petitioners filed a joint Federal income tax return for 1978 on June 15, 1979. On June 9, 1982, respondent mailed to petitioners a notice of deficiency which was received by them on July 6, 1982. Their address shown on the 1978 return was 3737 Dow Drive, Oklahoma City, Oklahoma 73116. Petitioners' 1979 return was filed bearing the address Post Office Box 20711, Oklahoma City, Oklahoma 73156. On or about December 31, 1980, petitioners relinquished Box 20711 and began renting Box 20748. Box 20711 was then rented by petitioners' accountant Robert J. Drewell. Petitioners' postal forwarding order from Box 20711 to Box 20748 expired on December 31, 1981. On May 19, 1981, petitioners executed a Power of Attorney, Form 2848, pertaining to their 1978 and 1979 Federal income tax returns, directing the Internal Revenue Service to send notices and other written communications to petitioners at 13108 *400 Green Valley Drive, Oklahoma City, and with copies to Robert J. Drewell, 2405 N.W. Expressway, Suite 200, Oklahoma City, Oklahoma. William Scheidt and Robert Drewell began sharing office space in May 1980 at 2405 N.W. Expressway, Suite 200, Oklahoma City, Oklahoma. Mr. Scheidt would occasionally receive from Mr. Drewell mail which had improperly been placed in Mr. Drewell's post office box. On or about April 30, 1982, respondent mailed a letter to petitioners relating to their income tax liabilities for 1978 and 1979. That letter was addressed to Box 20711. Petitioner William Scheidt did not receive the original, but he received a copy of it from Robert Drewell. No communications took place between respondent and petitioner with regard to this letter. During this time period respondent's audit file for petitioners contained several documents, worksheets, etc., with differing addresses: The 1979 return bore the Post Office Box 20711 address. The "15-day letter bore the same address. There was, however, nothing to indicate that petitioners received that letter. The power of attorney, dated prior to the "15-day" letter in the audit file, indicated petitioners' address for *401 correspondence as 13108 Green Valley Drive. Respondent's examination work papers, on the first page thereof, contained a struck through Post Office Box 20711 address. Above the stricken address, the Green Valley address was written. The second page of the examination sheets showed only the Green Valley address. Also within respondent's audit file was a form 4564, Information Document Request, bearing petitioners' Green Valley address. In mid May 1982, respondent sought to obtain petitioners' "last known address" by contacting their Austin Service Center and conducting a computer search. The computer search yielded only Box 20711 as petitioners' address. Thus on June 9, 1982, six days prior to the last day for assessment of petitioners' 1978 income tax liability, respondent by way of certified mail bearing number 02364642054 sent petitioners a notice of deficiency regarding their tax liabilities for 1978 and 1979. (Only the year 1978 is at issue in this case.) The certified letter was addressed to William and Wanda Scheidt, but at the Post Office Box 20711 address. Respondent did not send a duplicate original to Box 20748 which was currently being rented by petitioners. Nor *402 did respondent send a duplicate original to petitioners at their Green Valley address which was noted on their Power of Attorney valid for 1978 and 1979. Nor did respondent send a duplicate original or even a copy to Mr. Drewell in whose favor the power of attorney was executed. Rather, respondent sent the one and only notice to petitioners at the Post Office Box 20711 address. On or about June 10, 1982, the Village Branch Post Office received a certified letter addressed to petitioners at Post Office Box 20711. The post office left a notice in Post Office Box 20711 indicating that a certified letter for the Scheidts was waiting to be picked up. Usually the post office leaves three notices to the patron, and if it is still unclaimed on the 15th day after it has been placed in the post office box, it is returned to the sender. Here, a delivery reminder had stamped on it "Final Notice" and the date of return written on it was June 25, 1982. The record does not indicate that the letter was returned to the sender. Mrs. Williams, the post office clerk in charge of handling certified mail, testified she had been on vacation in the early part of June, and it was possible that her work *403 had piled up, thus not enabling her to handle the returns on precisely the 15th day, which occasionally happened. The next verifiable event is that on July 6, 1982, a certified letter bearing number 02364642054 appeared in petitioners' Post Office Box 20748. On July 6, 1982, William Scheidt signed for and received delivery of a deficiency notice for 1978 and 1979. Petitioners filed a timely petition bearing Post Office mark dated September 4, 1982, in the Tax Court, with regard to the determined deficiency for the year 1978 only. ULTIMATE FINDINGS OF FACT Petitioners' last known address was not the Post Office Box 20711 address. Respondent did not mail the notice of deficiency to petitioners' last known address. Respondent did mail the notice on June 9, 1982, prior to the expiration of the period of assessment. Respondent did not "remail" the notice at any time thereafter. Petitioner received the notice in sufficient time to file a timely petition, and in fact filed a timely petition. Petitioners were not prejudiced by any delay in receipt. OPINION Respondent contends that Box 20711 was a valid address for petitioners when the notice of deficiency was sent to them. *404 Respondent argues further that if Green Valley was petitioners' street address, then Post Office Box 20711 was an additional valid address. Conversely, petitioners argue that Box 20711 was not at the time of the mailing of the notice of deficiency a valid address, and certainly not their "last known address." Petitioners left a confusing trial to follow; however, respondent in our opinion has not shown due diligence in tracking down petitioners' last known address and/or addresses which were clearly in his files. We therefore agree with petitioners and so find that Post Office Box 20711 was not petitioners' last known address. During the period from June 25, 1982, to July 6, 1982, it is unclear what happened to the certified letter. According to United States Postal regulations, a certified letter is held 15 days, and if after the 15th day it is unclaimed, it then is returned to the sender. In this case, the postal clerk directly involved with the certified letters at the Village Branch does not know and could not testify with certitude whether that procedure was in fact followed. Petitioners argue that the certified letter was returned to respondent and respondent merely dropped *405 it back into the mails for delivery after the period of assessment had expired. Respondent contends that there was one, and only one mailing of the notice on June 9, 1982, and it was eventually received by petitioners without any detriment to them. Respondent argues that the first and only mailing of the notice was prior to the expiration of the period for assessment. It is petitioners' burden to prove that the notice of deficiency was mailed after the expiration of the period of assessment. When a certified letter is returned is its sender, a notation on the record accounting for certified letters (which in this case was kept at the main branch) would indicate such disposition. No offer of proof with regard to this record was submitted at the hearing on this motion. We are not convinced by the testimony of petitioners' witnesses, and proposed scenario in petitioners' brief that the notice was in fact remailed to Box 20711 after June 15, 1982, and thus, after the expiration of the period for assessment. Since petitioners were unpersuasive on this point, we hold that the notice of deficiency was timely mailed by respondent. Section 6212(a) authorizes the Secretary to send *406 a notice of deficiency "to the taxpayer by certified mail or registered mail." Pursuant to section 6212(b)(1), it shall be sufficient if the notice of deficiency is mailed to the taxpayer at his last known address. Neither section 6212, nor the regulations promulgated thereunder define what constitutes a taxpayer's last known address. It has been defined as the address to which in light of all the facts and circumstances, respondent reasonably believed the taxpayer wished the notice of deficiency to be sent. In determining whether respondent has mailed a notice to the taxpayer's last known address, the inquiry thus pertains to respondent's knowledge obtained through reasonable diligence rather than to what in fact may be the taxpayer's most current address. . In Frieling, the Court stated: Absent "clear and concise notification" from the taxpayer directing respondent to use a different address, respondent is entitled to treat the address shown on the return for which the notice of deficiency is being issued as taxpayer's "last known address." However, once respondent becomes aware of a change in address, he must *407 exercise reasonable care and diligence in ascertaining and mailing the notice to the correct address. Whether respondent has properly discharged this obligation is a question of fact. [] In the instant case, petitioners' address on their 1979 return was Post Office Box 20711; the address to which the deficiency notice was sent. However, petitioners clearly and concisely notified respondent that all communication with regard to their 1978 and 1979 income tax liabilities were to be sent to the Green Valley address. The power of attorney that petitioners executed is considered to provide respondent with clear notice of their last known address. See . Thus, respondent had in fact received clear and concise notification prior to the issuance of the deficiency notice that petitioners' last known address was Green Valley Drive, not Post Office Box 20711. Nevertheless, respondent ignored the power of attorney or otherwise chose not to send the notice to the Green Valley address. We, therefore, find that respondent did not send the notice to petitioners' last *408 known address. Even though respondent did not send the deficiency notice to petitioners' last known address, it is nonethtless valid. See ; . Providing the taxpayer with the actual notice of the deficiency in a timely manner is the essence of the statutory scheme. , affg. . In circumstances "where the notice is sent to the wrong address and neverdelivered, the statutory purpose is not served * * * [however], where the notice is sent to the wrong address butdeliveredtothetaxpayerinduecourse, there is no prejudice to the taxpayer and the notice is valid." [Emphasis supplied.] . Respondent in this case mailed the notice six days prior to the expiration of the period of assessment. Petitioners received the notice with 63 days left to file a timely petition with this Court. On September 4, 1982, petitioners did in fact submit a trimely *409 petition. We cannot see how, if in any way, petitioners were prejudiced by the notice being improperly addressed. Following the dictates of the Frieling opinion, since the notice was timely mailed by the Commissioner and was received without prejudicial delay by petitioners in compliance with section 6212(a), the notice is effective for all purposes from the time of its mailing. As long as the notice complies with section 6212(a), 6503(a)(1) literally provides that the mailing of that notice tolled the period of limitations on the date it was mailed. . Despite the opinion in Frieling v. Commissioner, petitioners still maintain that they are entitled to summary judgment for two reasons. Firstly, petitioners argue that the notice was remailed by respondent after the period of assessment had expired. If in fact the post office had sent the undeliverable certified letter (the notice) back to respondent and respondent then remailed it after the period of limitations had run, there would be no deficiency due from petitioners. . Respondent does not purport *410 to know exactly what happened to certified letter #02364642054 from June 25 to July 6, 1982. Respondent has shown that the certified letter bearing #02364642054 was mailed to petitioners at Post Office Box 20711 on June 9, 1982, six days prior to the expiration of the period of assessment and received in Post Office Box 20478 by petitioners on July 6, 1982. Petitioners have not proven that the notice was remailed after the three-year limitations period prescribed by section 6501(a) had expired. Absent such proof, the holding of Frieling is controlling on these facts. Petitioners' second argument is that even if the notice was not sent back to respondent and not remailed after the expiration of the period of limitations, the notice was nevertheless invalid according to Frieling. The Court held in : In summary we hold that the notice of deficiency mailed to petitioners was valid even though it was not sent to their last known address. The notice complied with section 6212(a) because petitioners received it in due course through the Postal Service and filed a timely petition in this Court. Petitioners contend *411 that in order for a misaddressed deficiency notice to be valid, Frieling's holding requires a two-prong criteria to be met: (1) petitioners must receive the notice in "due course" through the Postal Service, and (2) must file a timely petition in this Court. They argue that the notice was not received in "due course," and is therefore invalid according to Frieling.
We do not read the Frieling opinion as requiring a two-step test to be met before section 6212(a) is satisfied and section 6501(a) applies to toll the period of limitations. Frieling requires that in order for a notice which is not sent to petitioners' last known address to be valid, petitioners must not be prejudiced by the misaddressing, and must be able to timely file a petition with the Tax Court. Even if we did read Frieling to recuire the notice to be received in "due course," which we do not, the facts herein are not so far askew from "due course" as to invalidate the notice of deficiency. Mrs. Williams testified that her work occasionally piled up causing the returning of the unclaimed certified letters to be delayed beyond the usual 15-day period. It is quite possible that she was behind *412 in returning unclaimed certifieds in June 1982, because she testified she had been on vacation in the early part of that month. Additionally, the 6th of July in 1982 was a Tuesday. It was the first working day after a long weekend surrounding a holiday. Thus, the last working day was Friday, July 2, 1982, which was exactly one week after the June 25, 1982, return date. Considering the aforementioned, the delay in receipt was not outrageous; and the treatment and ultimate receipt of the notice of deficiency would qualify as within "due course"--if that were the test. The significant factor in the Frieling case, as in the instant case, is that petitioners eventually received the notice and were afforded ample opportunity to file a petition; and in both cases, timely petitions were in fact filed. Pursuant to section 6501(a)(1), the mailing of the notice to petitioners under section 6212(a) tolled the period of limitations on the date (June 9, 1982) that it was mailed. Accordingly, petitioners' Motion to Dismiss for Lack of Jurisdiction and petitioners' Motion for Summary Judgment are denied. To reflect the foregoing, An appropriate order will be issued. *413